| | |
|---|---|
| STATE OF INDIANA     )<br>                                  ) SS:<br>COUNTY OF ALLEN    ) | HUNTINGTON SUPERIOR COURT<br>CAUSE NO. 35D01 1409 CT 000 644 |

RACHEL MAXWELL,

      Plaintiff,

v.

CARAVAN FACILITIES
MANAGEMENT, LLC,

      Defendant.

FILED

SEP 12 2014

*[signature]*
Clerk, Huntington Superior Court

## COMPLAINT

Plaintiff, by counsel, alleges against the Defendant as follows:

1. The Plaintiff is Rachel Maxwell, a resident of Allen County, Fort Wayne, Indiana, and an employee of the Defendants at all material times to this complaint.

2. Defendant is Caravan Facilities Management LLC ("Caravan"), a cleaning/janitorial service company operating at 12200 Lafayette Center Road, Roanoke, Huntington County, Indiana 46783, with its corporate office located at 1400 Weise Street, Saginaw, Michigan 48602. At all material times to this Complaint, this Defendant was an "employer" for the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII").

3. Plaintiff filed a Charge of Discrimination against Caravan (EEOC No. 470-2014-01553) on April 4, 2014. A copy of the Charge is attached hereto, incorporated herein, made a part hereof as Exhibit "A". The EEOC issued its Dismissal and Notice of Rights/Notice of Suit Rights on June 26, 2014, a copy of which is attached hereto as Exhibit "B". All administrative remedies have been exhausted, and all jurisdictional prerequisites have been met for the filing of this

lawsuit.

4. Plaintiff was employed by the Defendant for approximately four (4) months until her wrongful termination on or about September 10, 2013. Plaintiff performed within the reasonable expectations of the employer, and held a janitorial position at the time of her wrongful termination.

5. On or about July 27, 2013, Plaintiff was leaving work early in order to attend a wedding. As she was leaving and heading towards the mechanical room with coworker Reggie Sanders, Sanders grabbed Plaintiff without her consent, kissed her, and forced his hands down her pants. As soon as Plaintiff could get free, she immediately left the premises. She was so distraught by the sexual assault that she didn't want to talk to anyone.

6. On or about July 30, 2013, Plaintiff was contacted by Defendant's HR Manager regarding one of Plaintiff's female coworkers being sexually harassed by a male at work. During the conversation, Plaintiff broke down and revealed to the HR Manager what she had been subjected to. The HR Manager said she would look into the matter. During the same conversation, Plaintiff asked if there was anywhere else she could be moved to, but no offer of transfer was ever made.

7. On or about July 31, 2013, the HR Manager called Plaintiff and told her she needed to fill out a written statement. Plaintiff wrote one out and gave it to her sister (who also worked for Defendant). Her sister took the statement and intended to give it to Defendant's Administrative Assistant, but the Administrative Assistant was not there that day, so she laid the statement on the woman's desk.

8. A few days later, Plaintiff again spoke with HR Manager, who told Plaintiff that she had not received the written statement, so Plaintiff then e-mailed it.

9. On or about September 10, 2013, Defendant informed Plaintiff that they concluded that nobody saw the sexual battery/sexual harassment incident she reported, and that Plaintiff was fired. Defendant's representative also told Plaintiff that they were terminating her because she allegedly failed to follow the Company's "no call/no show" procedure for an absence occurring on July 30, 2013. This was inaccurate because Plaintiff had called in before her shift that day to report her absence to her Second Shift Supervisor.

10. Plaintiff alleges that the proffered reason for termination was false and pretextual, and that in reality, she was discriminated against, harassed, retaliated against, and terminated because of her sex and because she reported sexual harassment/sexual battery. Defendant's discriminatory and retaliatory conduct violated Plaintiff's Title VII rights and was the direct and proximate cause of Plaintiff suffering the loss of her job and job-related income, and subjected her to inconvenience, emotional distress, mental anguish, and other damages and injuries.

11. Defendant's illegal conduct was intentional, willful, wanton, and in reckless disregard of Plaintiff's Title VII rights, warranting in imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

*/s/ Christopher C. Myers*

Christopher C. Myers, #10043-02
Ilene M. Smith, #22818-02
Rachel J. Guin, # 31722-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:    (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:       cmyers@myers-law.com
              ismith@myers-law.com
              rguin@myers-law.com
Attorneys for Plaintiff

RG/IMS/js
S:\Maxwell, Rachel\Pleadings\Complaint.docx

4

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 470-2014-01553 |

Equal Employment Opportunity Commission and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Rachel Maxwell | (260) 249-2243 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 2927 Simcoe Drive, Fort Wayne, Indiana 46815 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Caravan/Knight Facilities Management L.L.C. (Corporate) | 25+ | (855) 211-7450 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1400 Weiss Street, Saginaw, Michigan 48602 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 7/27/13   Latest: 9/10/13

☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

The Complainant is Rachel Maxwell, a qualified female employee who was sexually harassed, discriminated against and retaliated against on the basis of her sex, in violation of her federally protected rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

The Respondent is Knight Facilities Management, LLC, d/b/a Caravan, an "employer" for the purposes of Title VII at all material times to this Charge of Discrimination.

Complainant was employed by the Respondent at the General Motors location for approximately four (4) months until her wrongful termination on or about September 10, 2013. Complainant performed within the reasonable expectations of the employer, and held a janitorial position at the time of her wrongful termination.

"Continued on Page 2"

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

4-4-14   *Rachel Maxwell*
Date   Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

*Susan C. Neff*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

*Rachel Maxwell*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

April 4, 2014

EEOC Form 5 (11/09)

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about July 27, 2013, Complainant was leaving work early in order to attend a wedding. As she was leaving and heading towards the mechanical room with coworker Reggie Sanders, Sanders grabbed Complainant without her consent, kissed her, and forced his hands down her pants. As soon as Complainant could get free, she immediately left the premises. She was so distraught by the unwanted assault that she didn't want to talk to anyone.

On or about July 30, 2013, Complainant was contacted by HR Manager Shelly _____ regarding one of Complainant's female coworkers being sexually harassed by a male at work. During the conversation, Complainant broke down and revealed to the HR Manager what she had been subjected to. The HR Manager said she would look into the matter. During the same conversation, Complainant asked if there was anywhere else she could be moved to, but no offer of transfer was ever made.

On or about July 31, 2013, the HR Manager called Complainant and told her she needed to fill out a written statement. Complainant wrote one out and gave it to her sister Sara (also worked for Respondent). Sara took the statement and intended to give it to Administrative Assistant Jennifer _____, but Jennifer was not there that day, so Sara laid the statement on her desk.

A few days later, Complainant again spoke with HR Manager Shelly who told Complainant that she had not received the written statement, so Complainant then e-mailed it to Shelly.

On or about September 10, 2013, Respondent informed Complainant that they concluded that nobody saw the sexual battery/sexual harassment incident she reported, and that Complainant was fired. Respondent's representative also told Complainant that they were terminating her because she allegedly failed to follow the Company's "no call/no show" procedure for an absence occurring on July 30, 2013. This was inaccurate because Complainant had called in before her shift that day to report her absence to Second Shift Supervisor Sue Martin.

Complainant alleges that the proffered reason for termination was false and pretextual, and that in reality, she was discriminated against, harassed, retaliated against, and terminated because of her sex and because she reported sexual harassment/sexual battery. Respondent's discriminatory and retaliatory conduct violated Complainant's Title VII rights and was the direct and proximate cause of Complainant suffering the loss of her job and job-related income, and subjected her to inconvenience, emotional distress, mental anguish, and other damages and injuries.

Respondent's illegal conduct was intentional, willful, wanton, and in reckless disregard of Complainant's Title VII rights, warranting in imposition of punitive damages.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

4-4-14
Date
Rachel Maxwell
Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements
Susan C. Neff

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
Rachel Maxwell

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)
April 4, 2014

EEOC Form 161 (11/09)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Rachel Maxwell<br>2327 Simcoe Dr.<br>Fort Wayne, IN 46815 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2014-01553 | Brien L. Shoemaker,<br>Enforcement Supervisor | (317) 226-6118 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

JUN 2 6 2014

Enclosures(s)          Webster N. Smith,            *(Date Mailed)*
                       Director

cc:  CARAVAN FACILITIES MANAGEMENT LLC         Christopher C. Myers
     c/o Ruth A. Little                        CHRISTOPHER C. MYERS & ASSOCIATES
     HR/Labor Relations Director               809 S. Calhoun St., Suite 400
     1400 Weiss Street                         Fort Wayne, IN 46802
     Saginaw, MI 48602